
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUICKEN LOANS INC.,

    Plaintiff,

vs.

JAMES M. RIDDLE and
DIRECT LENDING, INC.,
Jointly and Severally,

    Defendants.
_____/

Case No. 07-CV-11753
Hon. Paul D. Borman

## STIPULATED PRELIMINARY INJUNCTION AGAINST BOTH DEFENDANTS

    At a session of said Court, held in the U.S. District Courthouse, Eastern District of Michigan, City of Detroit, State of Michigan on <u>May 7, 2007</u>.

    Present:  U.S. District Judge Paul D. Borman

After the Court entered a Temporary Restraining Order on April 24, 2007, this cause came before the Court on May 4, 2007, at approximately 2:30 p.m., on: (1) the Verified Complaint of Plaintiff Quicken Loans Inc. ("Quicken Loans"), with attached exhibits; (2) Quicken Loans' Ex Parte Motion for a Temporary Restraining Order, an Order to Show Cause, and Preliminary Injunction, and supporting Brief with attached exhibit; (3) Defendants' Brief in Response to Plaintiff's Motion for Preliminary Injunctive Relief with attached exhibits; and (4) Quicken Loans' Reply Brief in Support of Its Request for a Preliminary Injunction with attached exhibits. The Court having considered the foregoing documents, having heard argument from the parties' counsel, having considered testimony from witnesses and other evidence, and having entered an order continuing the temporary restraining order through May 7, 2007; the parties having now stipulated to the relief set forth in this Order on the record during the May 7, 2007

motion hearing and requested that the Court enter this Order; and the Court being otherwise duly advised in the premises,

THE COURT ORDERS THAT:

A. Under Federal Rule of Civil Procedure 65 and 17 U.S.C. § 502, Defendant James M. Riddle ("Defendant Riddle") and Defendant Direct Lending, Inc. ("Direct Lending") (collectively, "Defendants") are hereby enjoined, restrained and prohibited, directly or indirectly, from infringing on Quicken Loans' copyright under applicable law in its "Isms" work and Quicken Loans' exclusive rights under the federal Copyright Act, 17 U.S.C. §§ 101 et seq.

B. Under Federal Rule of Civil Procedure 65, Defendant Riddle is hereby enjoined, restrained and prohibited, directly or indirectly, from:

1. Operating, working and/or engaging, in any capacity, in the same line of business as Quicken Loans for a period of nine months following the entry of this Order or until a final resolution on the merits of this action, whichever is shorter, and/or until further order of the Court, in any of the following counties: (i) Wayne, Oakland, Macomb, Genesee, Washtenaw and/or Livingston County (the State of Michigan); and/or (ii) Cuyahoga, Erie, Lake, Geauga, Summit, Medina, Lorain, and/or Portage County (the State of Ohio);

2. Soliciting, contacting and/or doing business with any individual: (i) who Defendant Riddle knows is a Quicken Loans client, prospective client, lead and/or referral source; and/or (ii) for whom Defendant Riddle originated a loan during his employment with Quicken Loans;

3. Soliciting any employee of Quicken Loans including, but not limited to, for the purpose of having any such individual(s) terminate, reduce, or alter any employment with Quicken Loans and/or of creating an employment relationship and/or association with any of the Defendants;

4. Conducting and/or performing training concerning, and/or in connection with, mortgage banking;

5. Disclosing, using and/or copying Quicken Loans' trade secrets and/or other proprietary and/or confidential information, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, any information pertaining to the Quicken Loans Training

Program and information identified in Defendant Riddle's Employment Agreement with Quicken Loans; and

6. Purging, destroying, altering, modifying or concealing any Quicken Loans' trade secrets and/or other proprietary and/or confidential information, whether in original, copied, computerized, handwritten or any other form, including, but not limited to, any information pertaining to the Quicken Loans Training Program and information identified in Defendant Riddle's Employment Agreement with Quicken Loans.

For purposes of Paragraph B(1) above, "the same line of business as Quicken Loans" shall mean any business engaged in originating, closing, funding, servicing and/or marketing residential mortgage loans and consumer loans. Further, the activities prohibited in Paragraph B(1) above shall also include businesses/activities that have a physical presence in the counties listed and/or that solicit customers or business in the listed counties from outside such territories.

C. Under Federal Rule of Civil Procedure 65, Direct Lending is hereby enjoined, restrained and prohibited, directly or indirectly, from:

1. Knowingly soliciting, contacting, accepting any business from and/or attempting to do business with any individual: (i) for whom Defendant Riddle originated a loan during his employment with Quicken Loans: and/or (ii) based on any trade secrets and/or other proprietary and/or confidential information received, accessed and/or obtained by Defendant Riddle during his employment with Quicken Loans;

2. Soliciting any employee of Quicken Loans including, but not limited to, for the purpose of having any such individual(s) terminate, reduce, or alter any employment with Quicken Loans and/or of creating an employment relationship and/or association with any of the Defendants;

3. Using, disclosing, and/or transmitting Quicken Loans' trade secrets and/or other proprietary and/or confidential information, whether in original, copied, computerized, handwritten or any other form;

4. Purging, destroying, altering, modifying or concealing any of Quicken Loans' trade secrets and/or other proprietary and/or confidential information, whether in original, copied, computerized, handwritten or any other form; and

5. Using and/or disseminating any information and/or materials, including training materials, derived, in whole or in part, from Quicken Loans' information and/or materials.

For purposes of this Order, "knowingly," as referenced above, shall include both knew and/or should have known through the exercise of reasonable diligence.

D. The injunctions set forth in paragraphs A, B and C, above, are binding on the Defendants, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

E. The injunctions set forth in paragraphs A, B and C, above, shall remain in effect until the final resolution of the merits of this action, except as specifically set forth above, and/or until further order of the Court.

F. Defendants shall take reasonable steps to notify their agents, servants, employees, representatives and attorneys, and those persons in active concert or participation with them, of the obligations under this Order and to ensure compliance.

G. Defendants shall, within ten (10) days following the entry of this Order: (1) collect all Direct Lending training materials entered as Plaintiff's Exhibits 2, 3, 4 and 5 during the May 4, 2007 hearing, and/or any similar materials, from all individuals under Defendants' control and return all of those materials to Quicken Loans' counsel of record; and (2) for individuals who are not under Defendants' control who received copies of Direct Lending training materials entered as Plaintiff's Exhibits 2, 3, 4 and 5 during the May 4, 2007 hearing, and/or any similar materials, provide Quicken Loans' counsel of record with the name and last known address of all such individuals.

H. Entry of this Order shall not be deemed an admission of liability by any party and shall not affect the merits of any claim, defense or position that any party may assert or has asserted in this action.

_____
UNITED STATES DISTRICT COURT JUDGE
"Acting in the absence of Paul D. Borman"

APPROVED AS TO FORM:

/s/ Robert Muchnick
Robert J. Muchnick, Esq.
Attorney for Plaintiff


/s/ Michael Barton
Michael Barton, Esq.
Attorney for Defendants